RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832
Telephone:  833-729-5529
Facsimile:   833-972-9546
E-mail:      ray@raykimlaw.com

Attorneys for Plaintiff
Vivek Shah

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

VIVEK SHAH,

        Plaintiff,

    v.

CITIBANK, N.A.,

        Defendant.

Case No. 2:24-cv-07252-MCS-AS

[Assigned to Judge Mark C. Scarsi]

**STIPULATION TO FILE FIRST AMENDED COMPLAINT**

Complaint:  October 4, 2024

Pursuant to Federal Rule of Civil Procedure 15(a)(2), this Stipulation to File First Amended Complaint is made by and between plaintiff Vivek Shah ("Plaintiff") and defendant Citibank, N.A. ("Citibank") for reasons stated as follows:

## RECITALS

On August 21, 2024, Plaintiff filed the operative Complaint (Dkt. No. 1);

On November 4, 2024, Citibank filed a motion to dismiss (Dkt. No. 16);

Citibank's motion to dismiss was fully briefed, and the Court denied the motion in its entirety on February 12, 2025 (Dkt. No. 23);

On February 26, 2025, Citibank filed an Answer to the Complaint (Dkt. No. 24);

Since then the parties have discussed an additional claim Plaintiff has identified under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a)(3) and Regulation B, 12 C.F.R. § 1002.4;

Plaintiff shared a copy of a proposed First Amended Complaint ("FAC") with Citibank containing the new allegations and claims based on Section 1691(a)(3) of the ECOA;

To avoid unnecessary motion practice, Citibank agrees to the filing of the FAC.  Citibank's agreement to the filing of the FAC does not constitute an acknowledgement that any claim in the FAC has merit, is true, or otherwise establishes any liability whatsoever as to Citibank; and

By entering into this Stipulation, Citibank does not waive, and has no intention of waiving, any right to challenge the FAC in any manner or for any reason, including, but not limited to, its right to compel arbitration of Plaintiff's claims and Citibank expressly reserves its right to elect arbitration based upon the newly added allegations and the arbitration agreement governing Plaintiff's Citibank account.

///

STIPULATION TO FILE FIRST AMENDED COMPLAINT

1

## STIPULATION

2    **NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between

3    Plaintiff and Citibank, through their respective counsel of record, that the FAC (a

4    true and correct copy which is attached here as **Exhibit A**) is deemed filed as of the

5    date of the filing of this Stipulation and will serve as the operative complaint

6    moving forward in this action.  Plaintiff and Citibank further stipulate that Citibank

7    shall file a response to the FAC—by answer, motion or otherwise—within (28)

8    days of the filing of the FAC.

9

10    Dated:  April 23, 2025                MORGAN, LEWIS & BOCKIUS LLP
                                          ARJUN P. RAO
11                                        MARCOS SASSO
                                          KAY FITZ-PATRICK
12

13                                        By:  */s/ Kay Fitz-Patrick*
                                          Kay Fitz-Patrick
14                                        Attorneys for Defendant
15                                        CITIBANK, N.A.

16

17

18    Dated:  April 23, 2025                RAY KIM LAW, APC

19

20                                        By:  */s/ Raymond Y. Kim*
                                          Raymond Y. Kim
21                                        Attorneys for Plaintiff
22                                        Vivek Shah

23

24

25

26

27

28

## **Local Rule 5-4.3.4(a)(2)(i) Certification**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Raymond Y. Kim, hereby attest that Kay Fitz-Patrick, counsel for Citibank, concurs in the filing's content and has authorized the filing.

<u>   */s/ Raymond Y. Kim*   </u>
Raymond Y. Kim

STIPULATION TO FILE FIRST AMENDED COMPLAINT

# EXHIBIT A

RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832
Telephone:  833-729-5529
Facsimile:   833-972-9546

Attorney for Plaintiff
Vivek Shah

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVEK SHAH, | Case No.: 2:24-cv-07252-MCS-AS |
| Plaintiffs, | |
| vs. | **PLAINTIFF VIVEK SHAH'S FIRST AMENDED COMPLAINT** |
| CITIBANK, N.A., and DOES 1-5, | |
| Defendant. | |

Plaintiff Vivek Shah ("**Plaintiff**") brings this First Amended Complaint against
defendant Citibank, N.A. ("Citibank" or "Defendant"), and alleges as follows:

### SUMMARY OF ACTION

1.      Plaintiff brings this action for damages and other legal and equitable
remedies resulting from *inter alia* the illegal actions of Citibank in:  (i) discriminating
against Plaintiff with respect to his application for a Citi® / AAdvantage® Platinum
Select® Card account in or around July 2024; and (ii) taking adverse action against
Plaintiff with respect to his credit card application but failing to provide a statement of
reasons for the adverse action.

2.      In so doing, Citibank has violated the: (i) Equal Credit Opportunity Act
("ECOA"), 15 U.S.C. § 1691(a)(3) and Regulation B, 12 C.F.R. § 1002.4; (ii) ECOA,
15 U.S.C. § 1691(d) and Regulation B, 12 C.F.R. § 1002.9; and (iii) the California
Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et seq*.
With respect to Citibank's unlawful credit denial practice, pursuant to Business and
Professions Code § 17203, Plaintiff seeks an injunction ordering that Citibank provide
Plaintiff with an ECOA compliant statement of reasons for the adverse action or
provide Plaintiff with the credit card he applied for.  Pursuant to Business and
Professions Code § 17203, Plaintiff also seeks public injunctive relief ordering
Citibank to create, implement and adhere to policies and procedures: (i) to prevent
discrimination against applicants who had previously brought consumer claims
against Citibank under the Consumer Credit Protection Act; and (ii) to ensure
Citibank provides applicants with truthful, specific reasons for the adverse action
taken.

### THE PARTIES

3.      Plaintiff Vivek Shah is a citizen of California and resides in the County
of Los Angeles.

4.      Citibank is a national bank with its principal place of business in the
State of New York. Citibank regularly does business in and has locations throughout

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Los Angeles County, California. Citibank is a leading global financial services company that offers a wide range of products and services, including credit cards, banking, loans, investments, and wealth management. It is the primary U.S. banking subsidiary of Citigroup, a multinational financial services conglomerate.

5.    In acting or omitting to act as alleged herein, Citibank was acting through its employees and/or agents and is liable on the basis of the acts and omissions of its employees and/or agents.

6.    In acting or omitting to act as alleged herein, each employee, officer or agent of Citibank was acting in the course and scope of his or her actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of each employee or officer as agent were subsequently ratified and adopted by Citibank as principal.

7.    Doe Defendants 1-5 are the other companies or individuals responsible for the unlawful and unfair conduct alleged herein.

### JURISDICTION AND VENUE

8.    This action is brought under 15 U.S.C. § 1691.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

9.    This Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367(a) because they also relate to the federal claims asserted against Citibank so that they form part of the same case or controversy under Article III of the U.S. Constitution.

10.    This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 & 2202, UCL § 17203, and Rule 57 of the Fed. Rules of Civ. P.

11.    Venue is proper in this district under 28 U.S.C. § 1391(b) because Citibank is a national bank that is chartered and supervised by the Office of the Comptroller of the Currency, an agency in the U.S. Treasury Department, pursuant to the National Bank Act. Citibank has offices throughout this district where Plaintiff and Citibank have transacted. Plaintiff is a resident of Los Angeles, California. A

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

PLAINTIFF VIVEK SHAH'S FIRST AMENDED COMPLAINT

substantial part of the events and omissions giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

12.  In May 2022 Plaintiff filed an action against Citibank in the United States District Court, Northern District of Illinois alleging violations of the Consumer Credit Protection Act, among other statutes (the "First Lawsuit").

13.  The First Lawsuit was transferred to arbitration. Following an evidentiary hearing with the arbitrator, in January 2024 the arbitrator awarded Plaintiff damages.

14.  In February 2024, the District Court for the Northern District of Illinois confirmed the arbitrator's award and entered judgment.

15.  On or around July 24, 2024, Plaintiff applied for a Citi® / AAdvantage® Platinum Select® Card account (the "Citi Account").

16.  On or around July 26, 2024, Citibank denied the application without providing a statement of reasons.

17.  On information and belief, Citibank denied the application as a result of Plaintiff's filing of the First Lawsuit against Citibank.

18.  As a result of Citibank's actions described above, Plaintiff has been directly and substantially injured. Plaintiff has been frustrated in his attempt to maintain and obtain credit.

19.  Citibank's acts and omissions have substantially impacted Plaintiff's livelihood. Plaintiff suffers from extreme anxiety, stress and is worried about his diminished finances. Plaintiff suffers from a generalized fear that applying for a financial product would be futile, and he will never be able to obtain credit or build credit.

20.  Citibank's unlawful and unfair actions described herein have been intentional, willful, wanton, outrageous, fraudulent, grossly negligent, malicious, and

have been, and are, implemented with callous and reckless disregard for rights protected under federal and state law.

## FIRST CAUSE OF ACTION

### EQUAL CREDIT OPPORTUNITY ACT

### 15 U.S.C. § 1691(a)(3) And Regulation B, 12 C.F.R. § 1002.4

21.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

22.     Plaintiff is a "applicant."

23.     Citibank is a "creditor."

24.     In 2022 Plaintiff exercised his rights in good faith under the Consumer Credit Protection Act against Citibank.

25.     In January 2024 an arbitrator determined the First Lawsuit against Citibank in Plaintiff's favor.

26.     The Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691(a)(3), prohibits creditors from discriminating against any applicant because the applicant "has in good faith exercised any right under [the ECOA]."

27.     The core purpose of 15 U.S.C. § 1691(a)(3) is to prevent financial institutions from discouraging consumers from challenging discriminatory or unfair practices.

28.     In July 2024, only six months after obtaining the award against Citibank, Plaintiff applied for the Citi Account.

29.     On information and belief, Citibank denied Plaintiff the Citi Account in retaliation for his good faith filing of the First Lawsuit against Citibank. Plaintiff is aware of other instances where Citibank has engaged in similar conduct after a consumer exercised their rights under the Consumer Credit Protection Act.

30.     In fact, in November 2023 the Consumer Financial Protection Bureau ("CFPB") ordered Citibank to pay a civil penalty of $24,500,000.00 for discriminating against applicants of Armenian descent and attempting to cover up the discriminatory

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

policies and procedures.  In the Matter of: Citibank, N.A., Consent Order (November 8, 2023, CFPB Case No. 2023-CFPB-0013) (available at: https://files.consumerfinance.gov/f/documents/cfpb_citibank-na_2023-cfpb-0013_consent-order_2023-11.pdf).

31.    The CFPB explained:

> On November 8, 2023, the Bureau issued an order against Citibank, N.A., which is a national bank headquartered in New York City, New York. The Bureau found that **Citibank violated the Equal Credit Opportunity Act (ECOA) and its implementing Regulation B by discriminating against certain credit card applicants based on their national origin**. Specifically, from at least 2015 through 2021, Citibank employees applied extra scrutiny to, negatively assessed, and often denied, certain credit card applications based on the applicants' Armenian national origin. **The Bureau also found that Citibank failed to provide applicants with an accurate and adequate statement of the specific reasons for the adverse action when the applicant was denied based on their Armenian national origin in violation of ECOA and Regulation B**. Citibank's violations of ECOA also constitute violations of the CFPA. The order requires Citibank to provide $1.4 million in redress to consumers and pay a $24.5 million civil money penalty. The order also requires Citibank to stop its illegal discrimination and take measures to ensure future compliance, including increasing oversight of communications and training materials concerning the manual underwriting of consumer credit card applications.

*See* CFPB Enforcement Actions, Citibank, N.A. (available at: https://www.consumerfinance.gov/enforcement/actions/citibank-n-a/) (emphasis added).

32.    Citibank's actions were retaliatory and discriminatory and violated 15 U.S.C. § 1691(a)(3), which prohibits creditors from discriminating against applicants who have exercised their rights in good faith under the Consumer Credit Protection Act.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

33.    As a direct and proximate result of Citibank's unlawful retaliation, Plaintiff suffered:

    a.  The inability to access credit.

    b.  Emotional distress and reputational harm stemming from Citibank's unjustified credit denial.

    c.  Uncertainty and inability regarding Plaintiff's ability to build credit or obtain credit in the future due to Citibank's pattern of retaliatory conduct.

34.    Citibank's conduct was willful, intentional, and in reckless disregard of Plaintiff's rights under the ECOA.

35.    As a result, the Court should award Plaintiff actual damages, punitive damages of $10,000.00, and Plaintiff's attorneys fees and costs.

## SECOND CAUSE OF ACTION

### EQUAL CREDIT OPPORTUNITY ACT

### 15 U.S.C. § 1691(d) And Regulation B, 12 C.F.R. § 1002.9

36.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

37.    Plaintiff is a "applicant."

38.    Citibank is a "creditor."

39.    ECOA and the regulations promulgated thereunder require Citibank to provide Plaintiff: (i) the "principal" reason for the adverse action, and (ii) that they be the "specific reasons" for the adverse action.

40.    Citibank denied Plaintiff's credit card application without a statement of reasons containing specific reasons or a sufficient explanation for the adverse action taken.

41.    The denial constitutes an "adverse action" within meaning of 15 U.S.C. § 1691(d)(6). Citibank was a "creditor" within meaning of 15 U.S.C. § 1691a(e). Plaintiff was an "applicant" for the application within meaning of 15 U.S.C. § 1691a(b).

42.    By failing to provide Plaintiff with the reasons, he may never know what remedial actions to take.

43.    The ECOA adverse action notice requirement was enacted to "fulfill[] a broader need: rejected credit applicants will now be able to learn where and how their credit status is deficient and this information should have a pervasive and valuable educational benefit." S. REP. No. 94- 589, at 406, 408, 1976 WL 13838, at *4, *7 (Jan. 21, 1976). The notice requirement is intended to allow for the correction of errors "where the creditor may have acted on misinformation or inadequate information." *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 576 (6th Cir. 2016) (quoting S. Rep. No. 94-589, at 4 (1976)).

44.    Citibank's acts and omissions constitute a violation of the ECOA and its implementing regulations under of 15 U.S.C. § 1691(d)(2)-(3).

45.    Plaintiff seeks monetary damages, including compensatory and punitive, as well as declaratory and injunctive relief.

### THIRD CAUSE OF ACTION

### UNFAIR COMPETITION LAW

### California Business & Professions Code § 17200

46.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

47.    Unlawful, unfair and fraudulent acts and practices are prohibited by the UCL. Citibank's unlawful, unfair and potentially fraudulent acts and practices described above are therefore prohibited.

48.    The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief to affected members of the general public as remedies for any violations of the UCL.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

49.    At all times relevant herein, Citibank has committed acts of unfair and unlawful competition proscribed by the UCL, including the practices alleged herein. The acts of unfair and unlawful competition include the following:

a.    On information and belief, Citibank unfairly and unlawfully discriminated against Plaintiff as a result of the First Lawsuit against Citibank and Plaintiff's good faith exercise of rights under consumer protection laws.

b.    Citibank failed to provide a statement of reasons after taking adverse action on Plaintiff's application for the Citi Account.

c.    Citibank has a practice of discriminating against consumer applications who previously exercised in good faith their rights against Citibank under consumer protection statutes.

50.    Plaintiff lost money and property as a result of Citibank's unlawful and unfair conduct by inter alia time incurred in countless communications with Citibank that were unproductive and unsuccessful and with others regarding Citibank's conduct.

51.    The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. These acts and practices have no utility that outweighs their substantial harm to consumers.

52.    The unlawful, unfair and fraudulent business acts and practices of Citibank described herein present a continuing threat to Plaintiff and members of the general public in that Citibank is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

53.    Pursuant to Business and Professions Code § 17203, Plaintiff seeks an injunction ordering that Citibank provide Plaintiff with a statement of reasons and re-evaluate Plaintiff for a credit card account in a non-discriminatory manner. Plaintiff also seeks public injunctive relief order Citibank to create, implement and adhere to

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

– 9 –

Case 2:24-cv-07252-MCS-AS    Document 30    Filed 04/23/25    Page 15 of 16    Page ID #:169

policies and procedures: (i) to prevent discrimination against applicants who had previously brought consumer claims against Citibank under the Consumer Credit Protection Act; and (ii) to ensure Citibank provides applicants with truthful, specific reasons for the adverse action taken.

54.    Citibank has a strong track record for failing to adhere to federal law and regulations that justify a public injunction. *See supra* ¶¶ 30-31.

55.    Pursuant to Code of Civil Procedure § 1021.5, Plaintiff seeks recovery of his attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Servicer, and Plaintiff be awarded the following legal and equitable relief:

1.    Actual damages;

2.    Statutory and punitive damages;

3.    An injunction ordering that Citibank provide Plaintiff with a statement of reasons and re-evaluate Plaintiff for a credit card account in a non-discriminatory manner;

4.    Public injunctive relief order Citibank to create, implement and adhere to policies and procedures: (i) to prevent discrimination against applicants who had previously brought consumer claims against Citibank under the Consumer Credit Protection Act; and (ii) to ensure Citibank provides applicants with truthful, specific reasons for the adverse action taken;

5.    Reasonable attorney's fees and costs to bring and maintain the instant action.

6.    For such other and further relief as the Court may deem just and proper.

///

///

///

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

PLAINTIFF VIVEK SHAH'S FIRST AMENDED COMPLAINT

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:  April 23, 2025                    RAY KIM LAW, APC

_____
Raymond Y. Kim
Attorney for Plaintiff
Vivek Shah

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

PLAINTIFF VIVEK SHAH'S FIRST AMENDED COMPLAINT